# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2636 | **DATE** | 8/16/2012 |
| **CASE TITLE** | Ortiz vs. Hicks | | |

**DOCKET ENTRY TEXT**

Final pre-trial conference held on 8/14/2012. For the reasons stated on the record in open court, Plaintiff's motions in limine [89] are withdrawn in part, granted in part, and reserved in part, and Defendants' motions in limine [90] are granted in part, denied in part, and reserved in part. For additional detail, please see below. In addition, Defendants are directed to give notice by 8/15/2012 of whether they would like to conduct criminal background checks on jurors; Plaintiff is given until 8/17/2012 to respond if Defendants indicate that they are so inclined. Parties are given until 8/21/2012 to submit revised exhibit and witness lists and any supplemental briefing as discussed on the record during the pre-trial conference. Jury trial remains set for 8/27/2012 at 9:00 a.m. Counsel are asked to be present by 8:30 a.m.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

As explained in greater detail on the record, in regard to Plaintiff's motions in limine [89], the Court rules as follows: Plaintiff's motion in limine 1 is withdrawn; Plaintiff's motion in limine 2 is reserved as to the prior convictions of witness Daniel Ortiz, Jr. and on the issue of aliases, granted as to any evidence of Mr. Ortiz, Jr.'s purported gang affiliations, and granted without objection as to any prior interactions between Plaintiff and police officers. Plaintiff's motion in limine 3 is granted without objection; the case caption shall be amended to delete Defendants Edwards and Hall. Plaintiff's motion in limine 4 is granted without objection, but subject to revisiting if Plaintiff opens the door at trial. Following a discussion on the record at the pre-trial conference, defense counsel tendered a criminal history report of Daniel Ortiz, Jr., which will enable the Court to rule on the admissibility of Mr. Ortiz, Jr.'s prior convictions.

As explained in greater detail on the record, in regard to Defendants' motions in limine [90], the Court rules as follows: Defendants' motion in limine 1 is granted in part and denied in part in that Plaintiff may describe the actions and behavior of the non-party officers as context to the events in question, but may not argue or suggest that any conduct by the non-party officers was unlawful. Without objection, Defendants' motion in limine 1 is granted as to evidence of any alleged wrist injury and of any alleged battery and property damage committed against non-party Alberto Garcia. Ruling on Defendants' motion in limine 2 is reserved and will be considered after further briefing (see above). Defendants' motion in limine 3 is granted without objection. Defendants' motion in limine 4 is granted in part as to the request to bar evidence that the City of Chicago will indemnify Defendant Hicks for any compensatory damages – subject to being revisited if Defendant Hicks puts on evidence of his financial circumstances – and reserved in part as to the request to strike the City of Chicago from the case caption. Defendants' motion in limine 5 is granted without objection. Defendants' motion in limine 6 is granted. See, *e.g.*, *Muhammad v. City of Chicago*, 316 F.3d 680, 683 (7th Cir. 2002) ("An officer's determination of the

**STATEMENT**

appropriate level of force to use must be measured from the 'perspective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight"); *Sherrod v. Berry*, 856 F.2d 802, 805 (7th Cir. 1988) ("Knowledge of facts and circumstances gained after the fact (that the suspect was unarmed) has no place in the trial court's or the jury's proper post-hoc analysis of reasonableness").